UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DARREN T. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-147-HSM-MCLC |
| | ) | |
| WASHINGTON COUNTY DETENTION CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2], and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and Plaintiff will be granted leave to file an amended complaint.

**I.  BACKGROUND**

Plaintiff, currently an inmate at the Hawkins County Jail, filed the instant action under 42 U.S.C. § 1983 against the Washington County Detention Center ("WCDC") [Doc. 2 p. 1]. Plaintiff's claims result from his previous confinement at WCDC [*Id.* at 2].

While an inmate at WCDC, Plaintiff's hand was broken and fractured when he was attacked by another inmate [*Id.* at 3]. Plaintiff claims that the doctors at WCDC took x-rays of his hand, but failed to take further action [*Id.* at 4]. Then, Plaintiff states he was in another altercation in October 2016, where he reinjured his left hand, specifically his pinky finger [*Id.*]. At this time, Plaintiff alleges that his pinky finger was reset and he was told that he would need to see an orthopedic surgeon [*Id.*]. However, he was never able to see the orthopedic surgeon, as the nurses

at WCDC told him for over two months that he was still on the list for an appointment but they were unable to tell him the date of his appointment due to security reasons [*Id.*]. Then, on December 12, 2016, Plaintiff was transferred to the Unicoi County Jail, and still has been unable to see an orthopedic surgeon regarding his hand [*Id.*]. Plaintiff claims that as a result of the delay in surgery, he has lost mobility and function in his left hand, as well as suffered increased pain [*Id.*]. He requests the Court to order his "hand [to be] fixed," all medical bills paid for, discipline against WCDC, and payment for his pain, suffering and mental anguish [*Id.* at 5].

## II. ANALYSIS

### A. Motion to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff has failed to submit a fully compliant application to proceed *in forma pauperis*, as his application submitted on August 31, 2017 [Doc. 1] does not include a certified copy of his inmate trust account. However, Plaintiff claims that the jail has refused to notarize a copy of his trust account, and attaches a copy of his account balance over the past six months [Docs. 1-1, 1-2]. Therefore, it appears from that application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is incarcerated at the Hawkins County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's

inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to the Hawkins County Jail to ensure that the custodian of plaintiff's trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

### B. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

C. **Claims Against WCDC**

At the outset, Plaintiff has named as the only defendant in this matter a non-suable entity. "The WCDC is a building and not a 'person' who can be sued under § 1983." *See Dickson v. Washington Cty. Detention Center*, No. 2:08-CV-24, 2008 WL 320291, at *1 (E.D. Tenn. Feb. 4, 2008) (citing *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 688–90 (1978)); *Cage v. Kent Cty. Corr. Facility,* No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (holding a jail is not a suable entity)); *see also Satterfield v. Washington Cty. Detention Center*, No. 2:07-CV-71, 2007 WL 2159296 (E.D. Tenn. July 26, 2007). While Plaintiff plausibly states a claim for deliberate indifference to his serious medical needs under the Eighth Amendment, WCDC is not an entity subject to suit under § 1983. *See Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004) ("When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates [a] constitutional infirmity."); *but see Monell*, 436 U.S. at 689–90 n.53 (finding

that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983). Therefore, as WCDC is not a "person" subject to damages under 42 U.S.C. § 1983, Plaintiff has failed to state a claim upon which relief may be granted.

Despite Plaintiff's deficiency, the Court does not deem it appropriate to dismiss Plaintiff's complaint at this juncture. While in its present form, his complaint does not state any claim for relief against the named Defendant, it is conceivable that Plaintiff could cure this defect in the complaint if given leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires."); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### III. CONCLUSION

Based on the above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Furthermore, Plaintiff is hereby **ORDERED** to file an amended complaint – which will replace and supersede his prior complaint – **within twenty-one (21) days** of the entry of this Order. Plaintiff is **NOTIFIED** that failure to timely comply with this Order will result in the dismissal of this action for want of prosecution and failure to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b). In particular, Plaintiff is **DIRECTED** to identify which members of the WCDC were responsible for his lack of medical treatment.

Plaintiff's amended complaint must comply with Fed. R. Civ. P. 8, which provides, in relevant part, that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Accordingly, Plaintiff's amended complaint should contain only

concisely stated claims for violations of civil rights, in paragraphs that are labelled and clearly identify the specific causes of action that he wishes to pursue as to each defendant and the facts supporting each such claim.[1]

The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint which Plaintiff may use to draft this amended complaint.

**IT IS SO ORDERED.**

                                                */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is further **NOTIFIED** that, under Rule 15(c), the Court may only address the merits of claims that "relate back" to the original complaint – that is, the Court can consider only those claims and allegations that "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, Plaintiff is on notice that his amended complaint is not the place for Plaintiff to set forth any wrongs of a different factual or legal nature that Plaintiff has perceived subsequent to the filing of his original complaint. Instead, the amended complaint is merely an opportunity for Plaintiff to name proper entities as defendants to this suit, clarify the exact nature of his claims against each defendant, and provide concise factual allegations supporting each such claim.